James B. HALL, Appellant,

v.

UNIVERSAL C. I. T. CREDIT CORPORATION, Appellee.

No. 3289.

Court of Civil Appeals of Texas.

Eastland.

Jan. 25, 1957.

Rehearing Denied March 1, 1957.

Rex Emerson, Odessa, for appellant.

George T. Thomas, Big Spring, for appellee.

GRISSOM, Chief Justice.

Universal C. I. T. Credit Corporation sued James B. Hall for title to an automobile. Plaintiff prayed for an injunction prohibiting Hall from transferring the certificate of title to the automobile and for appointment of a receiver. Upon a hearing a temporary injunction was granted and a receiver appointed. Hall has appealed.

The substance of appellee's case is that it owned the notes and a mortgage on Hall's automobile; that Hall was delinquent in his monthly payments; that the automobile and certificate of title thereto was voluntarily placed in appellee's possession with the understanding that if Hall should pay the delinquent installments within ten days the automobile and certificate of title would be returned to Hall, otherwise they should be owned by appellee; that the installments were not paid; that appellee had possession of the automobile and certificate after the expiration of said ten day period and that appellee intended to transfer them to the automobile dealer who had sold the automobile to Hall, but that, by mistake, appellee's employee sent the certificate to Hall instead of said dealer; that appellee had possession of the automobile for nine months but was unable to dispose of it because the certificate was in the possession of Hall and he refused to surrender it and claimed ownership of the car; that the automobile had depreciated in value and would continue to do so; that, in the language of appellee, Hall was "judgment proof" and it had no adequate remedy at law. Mr. Hall's testimony was to the effect that about the time appellee changed its offices he went to some woman employed by appellee and paid her more than $2,700 in cash and obtained from her the certificate of title.

Although a question of fact was raised, there was evidence sufficient to sustain findings that Hall did not pay; that appellee owned the automobile; that the certificate was mailed to Hall by mistake; that unless enjoined he would transfer the certificate and cause irreparable damages. The evidence sustained the action of the court. The judgment is affirmed.